IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RELIASTAR LIFE INSURANCE
COMPANY,

    Plaintiff,

    v.

VANESSA CUNNINGHAM and AUDREY
DYAL,

    Defendants.

CV 121-057

**O R D E R**

Before the Court is Defendant Vanessa Cunningham's motion to transfer venue to the United States District Court for the Southern District of Alabama (the "Southern District of Alabama"), pursuant to 28 U.S.C. § 1404(a). (Mot. to Transfer, Doc. 12.) The motion was filed May 26, 2021 and on May 28, 2021, Defendant Audrey Dyal filed a brief in opposition. (Doc. 15.) As of the date of this Order, Plaintiff Reliastar Life Insurance Company ("Reliastar") has not responded to this motion. For the reasons set forth herein, Vanessa Cunningham's motion to transfer venue is **DENIED**.

**I. BACKGROUND**

Pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, Reliastar filed this interpleader action against various claimants due to their competing claims to the death benefit of a

life insurance policy insuring Gralun D. Poole (the "Insured"). Reliastar is an insurance company in the business of underwriting and issuing life insurance policies and is an innocent stakeholder in this case, seeking to tender the disputed funds into the Court's Registry to resolve the competing claims. (Compl., Doc. 1.)

Defendant Vanessa Cunningham is an Alabama citizen and resided with the Insured in Baldwin County, Alabama at the time of his death. Defendant Audrey Dyal is a Georgia citizen and the Insured's ex-wife. (Id. at 2.)

Reliastar is in possession of the life insurance policy proceeds, amounting to $1,100,000.00.[1] (Id. at 3.) On or about July 27, 2013, the Insured applied for life insurance coverage, designating his then-wife, Audrey Dyal, as the policy's primary beneficiary and his minor son, Aiden Poole, as a contingent beneficiary. (Id. at 5-6.) Audrey Dyal and the Insured divorced on or about May 9, 2019 by virtue of a Final Judgment and Decree from the Superior Court of Camden County, Georgia, located within this District. (Id. at 6.; Doc. 15, at 2.)

On or about January 20, 2020, there was an attempt to change the designated beneficiary on the Insured's policy via Reliastar's online portal. (Compl., at 6.) The change sought to remove Audrey Dyal as primary beneficiary and designate Vanessa Cunningham

---

[1] Reliastar stated in its Complaint that it intends to file a motion for interpleader relief after Defendants appear or time to respond to Complaint has expired but has yet to do so.

2

(described as a domestic partner) as a 50% beneficiary and Aiden Poole as a 50% beneficiary. This change was not successfully processed. (Id.) Then, on or about September 4, 2020, there was a successful change of beneficiary on Reliastar's online portal that made Vanessa Cunningham (described as fiancé) the 100% primary beneficiary to the Insured's policy. (Id. at 7.) The Insured died on September 19, 2020. (Id.)

On September 21, 2020, Angel Poole, the Insured's sister, informed Reliastar of his death. (Id.) The following day, Vanessa Cunningham contacted Reliastar to report his death. (Id.) On September 28, 2020, Angel Poole again contacted Reliastar to check on the status of the policy and inform them "someone had logged into the insured account online and something was done." (Id.) On October 1, 2020, Audrey Dyal contacted Reliastar to initiate a claim on her ex-husband's policy. (Id.)

On October 12, 2020, Vanessa Cunningham executed and submitted a "Proof of Death – Claimant's Statement" to Reliastar, asserting a claim to 100% of the Insured's death benefit. (Id. at 8.) Then on November 11, 2020, Audrey Dyal executed and submitted the same, also asserting a claim to 100% of the Insured's death benefit. (Id. at 9.) In the midst of these claims, Reliastar was also contacted by Angel Poole, Connie Poole (the Insured's Mother), and Adam Coon attempting to confirm the beneficiary, stating Vanessa Cunningham was not actually the Insured's fiancé and that

there was a family conflict with her, and other information. (Id. at 8.) After Reliastar contacted Audrey Dyal and Vanessa Cunningham to inform them of their competing claims, it received correspondence from both Parties' lawyers and ultimately decided it was incapable of making a determination regarding the distribution of the funds and consequently filed this interpleader action. (Id.)

Upon answering the Complaint, Vanessa Cunningham also filed this motion to transfer venue. In support of her motion, she asserts transfer is more convenient for the witnesses and since the Insured died in Alabama, any further witnesses or information would be located there. (Mot. to Transfer, at 2-3.) Further, she filed an earlier action against Reliastar in Alabama and would seek to consolidate the cases, so transfer is necessary to ensure consistent outcomes. (Id.)

Audrey Dyal opposes the motion to transfer. She primarily argues that this is an efficient forum and the interest of justice and totality of circumstances favor denying transfer. (Doc. 15, at 6.) The Court analyzes the Parties' competing positions herein.

## II. DISCUSSION

### A. Legal Standard

Venue transfer is governed by 28 U.S.C. § 1404 which provides that "[f]or the convenience of parties and witnesses, in the

4

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Interpreting section 1404(a), courts in the Eleventh Circuit employ a two-pronged inquiry. See Dial HD, Inc. v. Clearone Commc'ns, Inc., No. CV 109-100, 2010 WL 3732115, at *5 (S.D. Ga. Sept. 7, 2010) (citation omitted). "First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. The second prong requires courts to balance private and public factors to determine if transfer is justified." Id. (citation omitted). The private and public factors a district court must weigh under the second prong include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

5

Accordingly, district courts are "permitted a broad discretion in weighing the conflicting arguments as to venue." England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988). A party moving to transfer venue "bears the burden of establishing that the balance of convenience and justice weighs heavily in favor of the transfer." Octopus LLC v. Healthy Pet, L.P., No. 2:15-cv-64, 2016 WL 1122888, at *2 (S.D. Ga. Mar. 21, 2016) (citations and internal quotation marks omitted).

**B. Analysis**

1. Southern District of Alabama as Proper Venue

The first prong of the inquiry is whether the case could have been filed in the Southern District of Alabama. The question is not whether the Southern District of Alabama is a better venue than this District, but whether the Southern District of Alabama was originally and remains a proper venue.[2] There is no question that the case could have originally been filed in the Southern District of Alabama. Pursuant to the Federal interpleader statute, "[a]ny civil action of interpleader . . . may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397. Vanessa Cunningham resides in the Southern District of Alabama, and therefore Plaintiff could have filed its

---

[2] The Southern District of Alabama has subject matter jurisdiction over the case and personal jurisdiction over the Parties.

6

suit there. The Southern District of Georgia is also a proper venue because Audrey Dyal lives in this District.

2. Private and Public Factors

Having found the Southern District of Alabama is a proper venue, the Court now analyzes whether the Eleventh Circuit's factors favor transfer. At the outset, several factors are neutral and require no further analysis: (5) both courts have an equal ability to compel attendance of unwilling witnesses; (6) the relative means of the parties is not a determinative factor because the Court is without adequate information to thoroughly compare the financial situations of both Defendants; and (7) both forums are presumably familiar with the governing law.[3]

a. *Convenience of Witnesses*

The convenience of witnesses factor is the most important factor considered on a motion to transfer. Octopus LLC, 2016 WL 1122888, at *2 (citing Duckworth v. Med. Electro-Therapeutics, Inc., 768 F. Supp. 822, 831 (S.D. Ga. 1991)); see also LaPenna v. Cooper Tire & Rubber Co., No. 2:10-cv-1018, 2011 WL 2669469, at *5 (M.D. Ala. July 7, 2011) ("[T]he most important factor in passing on a motion to transfer venue under § 1404(a) is the convenience of the witnesses."). The Court focuses on witnesses "key to

---

[3] Audrey Dyal contends this District is more familiar with the governing law because it has a similar case relating to life insurance taken out by a divorced father; however, the Court is unable to state how familiar the Southern District of Alabama is with similar law and therefore refrains from analyzing this factor as part of its decision.

7

conducting the trial" rather than the party-witnesses. Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1356-57 (N.D. Ga. 2004) (citation omitted).

In her motion to transfer, Vanessa Cunningham argues that three of the four major witnesses reside in the Southern District of Alabama.[4] Further, since the Insured died there, any additional witnesses would be located there, making it the more convenient forum. In opposition, Audrey Dyal argues this factor favors her because she is disabled and has a minor child, for whom the policy was purchased, so it would be difficult for them to travel to Alabama. Further, she states that Angel Poole was not living in Alabama at the time of the alleged change of beneficiary or the death of the Insured and that Mr. Coon is just a friend and does not have knowledge relevant to this dispute.

Without wading into the merits, it appears there are potential key witnesses in both districts. Although there might be more witnesses in Alabama, the number is not overwhelming, and the Court is not convinced that a few additional witnesses makes this District inconvenient. Nevertheless, the Court finds this factor weighs slightly towards transfer.

---

[4] Vanessa Cunningham refers to Angel Poole and Adam Coon as important witnesses outside of the Parties. (Mot. to Transfer, at 2.) In Reliastar's Complaint, it does not explicitly list "potential witnesses" but does reference receiving written statements from Angel Poole, Connie Poole, and Adam Coon, all of which are non-parties.

8

b. *Location of Documents and Access to Proof*

Vanessa Cunningham argues that any relevant discoverable information would be in Alabama because that is where the Insured lived prior to his death. In response, Audrey Dyal asserts that she has possession of both the original policy and the divorce decree between her and the Insured and the only alleged changes to the policy were electronically filed. Accordingly, there are more documents in this District and therefore, this factor weighs against transfer.

c. *Convenience of Parties*

As for the third factor, Vanessa Cunningham argues she lives in the Southern District of Alabama, and was residing with the Insured when he died, making that the more convenient forum. As stated above, Audrey Dyal resides in this District, is a disabled veteran, and has a minor child so it is inconvenient and difficult for her to have to travel to Alabama. Accordingly, the convenience of the parties factor weighs against transfer.

d. *Locus of Operative Facts*

Vanessa Cunningham argues the Insured resided and died in the Southern District of Alabama, making it the more convenient forum for any additional witnesses or discoverable information. Audrey Dyal refutes this, arguing the locus is in this District because she has the policy and divorce agreement in her possession, making this District the locus of the operative facts. Since there are

operative facts in both districts as the Insured lived part of his life in each, this factor is neutral regarding transfer.

e. *Weight Afforded Plaintiff's Choice of Forum*

A plaintiff's forum choice is traditionally entitled to deference. See Weintraub v. Advanced Corr. Healthcare, Inc., 161 F. Supp 3d 1272, 1284 (N.D. Ga. 2015). Here, however, Plaintiff filed an interpleader action and after it deposits the funds into the Court's Registry, will no longer be a relevant party to the suit. Typically a defendant seeking to transfer venue bears a heavy burden in opposing the plaintiff's choice, but "these considerations carry little weight in an interpleader suit such as this one, where the Plaintiff is nothing more than a disinterested stakeholder entitled to an early discharge from the action." Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L., 699 F. Supp. 2d 1344, 1353 (S.D. Fla. 2010) (citations omitted). Therefore, the Court sees no reason to place any discernable value on Plaintiff's original venue choice under these circumstances.

f. *Trial Efficiency and Interests of Justice*

To analyze the final factor, the Court considers several additional factors. See Augusta Nat'l, Inc. v. Green Jacket Auctions, Inc., No. CV 117-096, 2018 WL 797434, at *6 (S.D. Ga. Feb. 8, 2018) ("(1) where the litigant is more likely to receive a speedy trial; (2) whether transfer will allow consolidation of litigation; . . . (4) the relationship of each community to the

controversy; . . . and (6) any obstacles to a fair trial." (citations omitted)). Vanessa Cunningham argues this factor favors transfer because she filed an earlier action against Reliastar which was removed to federal court in the Southern District of Alabama, and could be consolidated with this action. However, the Court does not find a reason for consolidation of the matters because this interpleader action will resolve the dispute between Vanessa Cunningham and Audrey Dyal regarding the Insured's policy without any need for Reliastar's involvement. Therefore, in evaluating the additional factors, the Court does not find any cognizable difference between the Southern District of Alabama and this District. It follows that the movant's requested forum does not provide efficiency or judicial interest benefits that "clearly outweigh" the current forum. See In re Savannah Marine Servs., Inc., No. CV 407-064, 2007 WL 5011989, at *3 (S.D. Ga. Dec. 4, 2007). As a result, the final factor favors maintaining venue in this District.

Based on the foregoing, the Court finds comparatively: four factors are neutral, three factors weigh against transfer, one factor favors transfer, and one factor is irrelevant because the Plaintiff is a disinterested party. Therefore, the Court finds transfer is improper.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Vanessa Cunningham's motion to transfer venue (Doc. 12) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of June, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA